UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RENE J. ZAMORA, | ) | 1:12-cv—00943-LJO-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DENY PETITIONER'S MOTION FOR |
| | ) | INJUNCTIVE RELIEF (DOC. 15) |
| v. | ) | |
| | ) | |
| M. D. BITER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is Petitioner's motion for injunctive relief, which was part and parcel of a document docketed as a motion for an extension of time to file a traverse.  The motion was filed on November 2, 2012 (doc. 15 at 3).

I. Motion for Injunctive Relief

In the motion, Petitioner sought an extension of time to

1

1 file his traverse because of difficulties Petitioner alleged he
2 had encountered in connection with his efforts to conduct legal
3 research in the prison law library.  In connection with his
4 complaints concerning access to, and the contents of, the prison
5 law library, Petitioner sought an order directing the warden of
6 his custodial institution to comply with requirements set forth
7 in various state regulations.  (Doc. 15 at 3.)  Petitioner also
8 sought an order directing the warden to update the "C.D. ROM" in
9 the library that contained case authority.  (Id.)  The portion of
10 the request concerning an extension of time was granted by
11 separate order, and Petitioner subsequently filed his traverse on
12 December 20, 2012.
13     After reading the request in its entirety, the Court
14 concludes that it is clear that Petitioner is challenging the
15 conditions of his confinement, not the fact or duration of that
16 confinement.
17     Relief by way of a writ of habeas corpus pursuant to 28
18 U.S.C. § 2241 extends to a prisoner who shows that the custody
19 violates the Constitution, laws, or treaties of the United
20 States.  28 U.S.C. § 2241(c)(3).  A habeas corpus petition is the
21 correct method for a prisoner to challenge the legality or
22 duration of his confinement. Badea v. Cox, 931 F.2d 573, 574
23 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485
24 (1973)); Advisory Committee Note to Rule 1 of the Rules Governing
25 Section 2254 Cases (Habeas Rules), 1976 Adoption.  In contrast, a
26 civil rights action pursuant to 42 U.S.C. § 1983 is the proper
27 method for a prisoner to challenge the conditions of that
28 confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);

1  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory
2  Committee Note to Habeas Rule 1, 1976 adoption.
3       Petitioner seeks to challenge the conditions of his
4  confinement, and not the legality or duration of his confinement;
5  thus, these particular claims are cognizable in a civil rights
6  action rather than a petition for writ of habeas corpus.
7  Accordingly, it will be recommended that the request for
8  injunctive relief be denied.
9       II.   Recommendation
10      In accordance with the foregoing, it is RECOMMENDED that
11 Petitioner's request for injunctive relief be DENIED.
12      These findings and recommendations are submitted to the
13 United States District Court Judge assigned to the case, pursuant
14 to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
15 the Local Rules of Practice for the United States District Court,
16 Eastern District of California.  Within thirty (30) days after
17 being served with a copy, any party may file written objections
18 with the Court and serve a copy on all parties. Such a document
19 should be captioned "Objections to Magistrate Judge's Findings
20 and Recommendations."  Replies to the objections shall be served
21 and filed within fourteen (14) days (plus three (3) days if
22 served by mail) after service of the objections.  The Court will
23 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
24 636 (b)(1)(C).  The parties are advised that failure to file
25 objections within the specified time may waive the right to
26 ///
27 ///
28 ///

3

appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**    **January 22, 2013**            /s/ Sheila K. Oberto
                                                           UNITED STATES MAGISTRATE JUDGE