1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11  RENE J. ZAMORA,                     ) 1:12-cv—00943-LJO-SKO-HC
                                        )
12              Petitioner,             ) FINDINGS AND RECOMMENDATIONS TO
                                        ) DENY PETITIONER'S MOTION FOR
13                                      ) INJUNCTIVE RELIEF (DOC. 15)
        v.                              )
14                                      )
    M. D. BITER, Warden,                )
15                                      )
                Respondent.             )
16                                      )
                                        )
17  _____   )

18      Petitioner is a state prisoner proceeding pro se and in

19  forma pauperis with a petition for writ of habeas corpus pursuant

20  to 28 U.S.C. § 2254.  The matter has been referred to the

21  Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local

22  Rules 302 and 303.  Pending before the Court is Petitioner's

23  motion for injunctive relief, which was part and parcel of a

24  document docketed as a motion for an extension of time to file a

25  traverse.  The motion was filed on November 2, 2012 (doc. 15 at

26  3).

27      I.  Motion for Injunctive Relief

28      In the motion, Petitioner sought an extension of time to

1

1  file his traverse because of difficulties Petitioner alleged he

2  had encountered in connection with his efforts to conduct legal

3  research in the prison law library.  In connection with his

4  complaints concerning access to, and the contents of, the prison

5  law library, Petitioner sought an order directing the warden of

6  his custodial institution to comply with requirements set forth

7  in various state regulations.  (Doc. 15 at 3.)  Petitioner also

8  sought an order directing the warden to update the "C.D. ROM" in

9  the library that contained case authority.  (Id.)  The portion of

10  the request concerning an extension of time was granted by

11  separate order, and Petitioner subsequently filed his traverse on

12  December 20, 2012.

13      After reading the request in its entirety, the Court

14  concludes that it is clear that Petitioner is challenging the

15  conditions of his confinement, not the fact or duration of that

16  confinement.

17      Relief by way of a writ of habeas corpus pursuant to 28

18  U.S.C. § 2241 extends to a prisoner who shows that the custody

19  violates the Constitution, laws, or treaties of the United

20  States.  28 U.S.C. § 2241(c)(3).  A habeas corpus petition is the

21  correct method for a prisoner to challenge the legality or

22  duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574

23  (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485

24  (1973)); Advisory Committee Note to Rule 1 of the Rules Governing

25  Section 2254 Cases (Habeas Rules), 1976 Adoption.  In contrast, a

26  civil rights action pursuant to 42 U.S.C. § 1983 is the proper

27  method for a prisoner to challenge the conditions of that

28  confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);

1  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory

2  Committee Note to Habeas Rule 1, 1976 adoption.

3       Petitioner seeks to challenge the conditions of his

4  confinement, and not the legality or duration of his confinement;

5  thus, these particular claims are cognizable in a civil rights

6  action rather than a petition for writ of habeas corpus.

7  Accordingly, it will be recommended that the request for

8  injunctive relief be denied.

9       II.   Recommendation

10      In accordance with the foregoing, it is RECOMMENDED that

11  Petitioner's request for injunctive relief be DENIED.

12      These findings and recommendations are submitted to the

13  United States District Court Judge assigned to the case, pursuant

14  to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of

15  the Local Rules of Practice for the United States District Court,

16  Eastern District of California.  Within thirty (30) days after

17  being served with a copy, any party may file written objections

18  with the Court and serve a copy on all parties. Such a document

19  should be captioned "Objections to Magistrate Judge's Findings

20  and Recommendations."  Replies to the objections shall be served

21  and filed within fourteen (14) days (plus three (3) days if

22  served by mail) after service of the objections.  The Court will

23  then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

24  636 (b)(1)(C).  The parties are advised that failure to file

25  objections within the specified time may waive the right to

26  ///

27  ///

28  ///

1  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

2  1153 (9th Cir. 1991).

3

4  IT IS SO ORDERED.

5  **Dated:   January 22, 2013**                           **/s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28